32

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

211 w. Fort Street, Suite 2100 Detroit, Michigan 48226                 (313) 234-0068

SHIRLEY BEELER,                 )

                             )

        Plaintiff,          )

    V                        )

                             )

DEUTSCHE BANK NATIONAL       )

TRUST COMPANY, RYM-TECHNOLOGY   )

HOLDING, LLC, REAL ESTATE ASSET,   )

LLC in their corporate capacity and FELIX  )

DANIEL, SR. in his individual capacity    )

jointly and severally,               )

                             )

        Defendants.        )

                             )

*Exhibits 1-3*

Case: 2:08-cv-10634
Judge: Cook, Julian Abele
Referral MJ: Scheer, Donald A
Filed: 02-13-2008 At 03:50 PM
CMP: BEELER V. DEUTSCHE BANK NATL T
RST CO ET AL (NH)

**Lynda Smith Mays** (P31190)
Attorney for Plaintiff
P.O. Box 27530
Detroit, Michigan 48227
(248) 345-5861

There is no exists pending actions
in this court between these
parties.

### COMPLAINT

## TO QUIET TITLE, NEGLIGENCE, FRAUD
## AND INTENTIONAL EMOTIONAL DISTRESS

     **NOW COMES** Plaintiff, **SHIRLEY BEELER**, by and through her attorney Lynda

Smith Mays, and for Plaintiff's **COMPLIANT** to **QUIET TITLE, NEGLIGENCE, FRAUD**

**AND INTENTIONAL EMOTIONAL DISTRESS** against the Defendants listed above in

the caption and **NOW**, this Honorable Court's Plaintiff states as follows for her

Complaint:

## NATURE OF ACTION

1. This is an action to quiet title to a certain parcel of real estate located in

Oakland County and that Plaintiff never received notice of a Sheriff's Sale conducted

against an unknown party claiming to own or have interest to title superior to that of

Plaintiff as it relates to the property described below:

> The south 15 feet of Lots 327 all of Lots 328 and 329 and the North 20 feet
> of Lot 330, Magnolia Subdivision, according to the plat thereof in Liber 44,
> Page 11 of Plats, Oakland County Records.
>
> Property Tax Parcel ID 24-36-331-008
>
> Commonly known as: **21445 Brixton Place, Southfield, Michigan.**

## PARTIES

2. Plaintiff SHIRLEY BEELER [Hereinafter "Plaintiff"] is an individual residing

at 21445 Brixton Place, Southfield, MI and is the owner of the subject property located in

the City of Southfield and is resident of Oakland County, Michigan.

3. Defendant DEUTSCHE Bank National Trust Company. [Hereinafter

"DEUTSCHE"] upon information and belief, it is a foreign Corporation however,

conducts, operates and or does business in Oakland County in the State of Michigan.

4. Defendant Real Estate ASSET, LLC, [Hereinafter "ASSET"] and upon the information available to Plaintiffs' is a Michigan Corporation conducting business in Wayne County with a office allegedly in Oakland County in the State of Michigan.

5. Defendant Felix DANIEL, Sr. [Hereinafter "DANIEL"] upon the information and belief is a resident of the City of Canton in the County of Wayne in the State of Michigan.

6. Defendant RYM-Technology Holdings, LLC [Hereinafter "RYM"] and upon the information available to Plaintiff is a Michigan Corporation conducting business in Wayne County with a office allegedly in Oakland County in the State of Michigan.

## JURISDICTION

7. This Court has subject matter jurisdiction of this action under 28 U.S.C. § 1332 because:

a. There is complete diversity of citizen between the Plaintiff and

Defendant in that:

i. That Plaintiff is an individual who resides in and is a citizen of

the State of Michigan.

ii. That Defendant is a corporation who is incorporated in the State

of Delaware.

b. That the matter in controversy exceeds the sum of $75,000.00, exclusive

of interest and cost.

## GENERAL ALLEGATIONS

8. The Plaintiff has been in possession and owned the subject property first described above for over 50 years.

9. DANIEL individually and as a principal, agent for RYM was allegedly provided the operations to secure financing for the scheme.

10. That Defendants, ASSET, RHY-TECH, DANIEL made a representation and entered a transaction to Plaintiff that she would payments of $958.00 per month for twelve months to defendants as assignee of the Plaintiffs mortgage, Home Q Servicing. (Exhibit 1-Letter of Responsibility)

11. That the sums collected by Defendants would be invested by a government.

12. That the return on the investments made by Defendants would allow the plaintiffs to payoff their mortgages after one year of payments.

13. That the Defendants was government guaranteed.

10. ASSET collected the payments and managed the property, while funneling the owners' payments back to RYM or to its agents. (Exhibit 2-payments of plaintiff to Defendant ASSET)

11. That the Defendants are collectively the parties named herein should and must be called "Participants".

12.  Each of the Participants knew or in the exercise of due diligence should have known of the existence of the Scheme, of its fraudulent purpose and the inevitable effect of the Scheme on the Owners of the property and the alleged Investors.

## INTENTIONAL EMOTIONAL DISTRESS

13.  That the actions of the Defendants were malicious and egregious, causing Plaintiff and at lease 124 other victims caught in the Scheme leaving Plaintiff to feel a great sense of outrage, betrayal and humiliation by the hands of the Defendants actions which under no circumstances to be tolerated by a civilized society.

## FRAUD

14.  The actions of the Defendants constitute fraud, jointly and severally perpetrated on the Plaintiff.

15.  The actions and behavior of the Defendants are such as justify an award of exemplary damages.

16.  On October 15, 2005 at the height of the Scheme and with the knowledge of the U.S. Attorneys office being informed of the action by complaint(s) failed to inform and warn the public. (Exhibit 3- Information of Scheme)

## NEGLIGENCE

17.  That Defendant, MERS, owed a duty to plaintiff as a result of the mortgagor-mortgagee relationship to use reasonable care in executing a mortgage.

18. That Defendant, MERS, violated that duty to Plaintiff in the following

manner:

19.  Apparently through the sell from Mortgage Electronics Registration Systems, Inc. by the Defendants lack of exercise of due diligence based on the documentation of the Loan, DEUTSCHE knew or should have known of the Scheme due to other complaints and its fraudulent purpose and its effect on the premises and the owner.

20.  The mortgage went foreclosure because the Defendants failed wholly to make the payments on the property was in foreclosure. (Exhibit 1-Letter of Responsibility by Defendant Real Estate Asset)

21.  On January 23, 2007 the subject property was sold to DEUTSCHE by the Oakland County Sheriff at foreclosure sale.

22.  DEUTSCHE is not a good faith purchaser for value.

23.  The information in the mortgage file in the possession of DEUTSCHE places it under a duty of inquiry into the real nature of the transaction.

24.  DEUTSCHE and its predecessors were negligent in the performance of that duty.

25.  As a result of that breach of duty by DEUTSCHE the Plaintiff has been injured.

26. Any documents offered to Mortgage Electronics Registration were never intended to purchase the premises. Any document or deed to was given in the nature of a security instrument.

27. The mortgage eventually purchased by DEUTSCHE, not being based on a valid conveyance, was not a valid mortgage.

28. DEUTSCHE did not acquire at the foreclosure sale good title to the premises vis-à-vis the Plaintiff.

29. The Plaintiff is damaged as a result of the actions of the Defendants by losing the property, losing her equity the property.

**WHEREFORE** Plaintiff prays that this Honorable Court:

I.      Quiet title to the premises on behalf of the Plaintiff, vis-à-vis DEUTSCHE subject only to a mortgage in the amount of her original mortgage September 21, 2004 and hold the sale void t the transfer.

II.     Award actual damages and exemplary damages to the Plaintiff against the Defendants to the Plaintiff against the Defendants also called Participants, in the amount of her actual damages, together with and possibly taxable costs, interest and attorney fees.

III.    Grant such additional relief as to the call shall seem equitable and proper.

Respectfully submitted,

*Lynda Smith Mays*

**Lynda Smith Mays** (P31190)
Attorney for Plaintiff
P.O. Box 27530
Detroit, Michigan 48227
(248) 345-5861

**Dated: February 13, 2008**





Real Estate Brokerage • Property Management • Investments

16250 Northland Drive • Suite 229 • Southfield, MI 48075

March 14, 2005

Ms. Shirley Beeler
21445 Brixton Place
Southfield, MI 48075

RE:    **21445 BRIXTON PLACE**        **DETROIT, MI**     **HOMEQ SERVICING CORP.**

Dear Ms. Beeler:

As Property Manager for Rym-Technology, Real Estate Assets, LLC is responsible for paying the mortgage, insurance and taxes for the above property. Ms. Beeler, I have enclosed a copy of the authorization letter to HomEQ Servicing Corporation. At your earliest convenience, please sign where indicated and return to my attention. Real Estate Assets will forward your letter to HomEQ Servicing Corporation requesting that they forward all information concerning this property i.e., mortgage coupons, insurance, monthly invoices, tax bills, escrow account reconciliations, etc, to our address.

In addition, should you receive any information regarding the above-referenced property, please forward as to the following address:

> Real Estate Assets, LLC
> P.O. Box 190
> Southfield, Michigan 48037

If you prefer, you can forward any information to our accounting department's direct fax number, which is 248-569-7690.

Thank you very much for your assistance, and if you have any questions, please do not hesitate to contact me directly at 248-569-0843 or 800-844-8331.

Sincerely,

Phyllis Robinson-Brown
Project Director

PRB:cdc





**JAMES BEELER**
**SHIRLEY BEELER**
21445 BRIXTON DR.
SOUTHFIELD, MI 48075

8863

9-9/720
42

Date 4-01-05

Pay to the
Order of _Real Estate Assets_    $ 958.24

_Nine hundred fifty eight 24/00_ — Dollars

Comerica
Comerica Bank
Detroit, Michigan

For _____

⑆072000096⑆ 044400304011⑆ 008863 ⑈00000095824⑈

---

**JAMES BEELER**
**SHIRLEY BEELER**
21445 BRIXTON DR.
SOUTHFIELD, MI 48075

7257

9-9/720
42

Date 5-3-05

Pay to the
Order of _Real Estate Assets, LLC_    $ 958.27

_Nine hundred fifty eight 27/00_ — Dollars

Comerica
Comerica Bank
Detroit, Michigan
www.comerica.com

For Acct# 080632257345

⑆072000096⑆ 044400304011⑆ 07257 ⑈00000095828⑈

---

**JAMES BEELER**
**SHIRLEY BEELER**
21445 BRIXTON DR.
SOUTHFIELD, MI 48075

7100

9-9/720
42

Date 7-1-05

Pay to the
Order of _Real Estate Assets LLC_    $ 958.16

_Nine hundred fifty eight 16/00_ — Dollars

Comerica
Comerica Bank
Detroit, Michigan
www.comerica.com

For _house_

⑆072000096⑆ 044400304011⑆ 07100 ⑈00000095816⑈

---

**JAMES BEELER**
**SHIRLEY BEELER**
21445 BRIXTON DR.
SOUTHFIELD, MI 48075

6820

9-9/720
42

Date 11-4-05

Pay to the
Order of _Real Estate Assets LLC_    $ 958.24

_Nine hundred fifty eight 24/00_ — Dollars

Comerica
Comerica Bank
Detroit, Michigan

For _____

⑆072000096⑆ 044400304011⑆ 006820 ⑈00000095824⑈



MORGAN CHASE BANK, NA
074909962
0102006

3120792904
COMERICA
PROCESSED*MI          0281
061048253 04-10-06

PAY TO THE ORDER OF
PARAMOUNT BANK
072413861
FOR DEPOSIT ONLY
REAL ESTATE ASSETS, LLC
F/B/O RYM TECHNOLOGY HOLDINGS, LLC
ACCT# 0200-00369-7

---

BANK ONE, NA
074909962
05062005

2520347967
COMERICA
PROCESSED*MI          0106
025093783 05-06-05

PAY TO THE ORDER OF
PARAMOUNT BANK
072413861
FOR DEPOSIT ONLY
REAL ESTATE ASSETS, LLC
F/B/O RYM TECHNOLOGY HOLDINGS, LLC
ACCT# 0200-00369-7

---

BANK ONE, NA
074909962
07162005

2520545171
COMERICA
PROCESSED*MI          0112
064017968 07-14-05

PAY TO THE ORDER OF
PARAMOUNT BANK
072413861
FOR DEPOSIT ONLY
REAL ESTATE ASSETS, LLC
F/B/O RYM TECHNOLOGY HOLDINGS, LLC
ACCT# 0200-00369-7

---

MORGAN CHASE BANK, NA
074909962
11142005

3120041750 COMERICA
PROCESSED*MI
075142582 11-14-05

PAY TO THE ORDER OF
PARAMOUNT BANK
072413861
FOR DEPOSIT ONLY
REAL ESTATE ASSETS, LLC
F/B/O RYM TECHNOLOGY HOLDINGS, LLC
ACCT# 0200-00369-7

**JAMES BEELER**
**SHIRLEY BEELER**
21445 BRIXTON DR.
SOUTHFIELD, MI 48075

Date _5-1-06_

6911

9-9/720
42

Pay to the
Order of _Real Estate Assets_ | $ _958.24_

_Nine hundred fifty eight_ _24/100_ Dollars

ComericA
Comerica Bank
Detroit, Michigan

For ____

⑆072000096⑆ 0444003040⑈ 006911 ⑈00000958 24⑈

---

**JAMES BEELER**
**SHIRLEY BEELER**
21445 BRIXTON DR.
SOUTHFIELD, MI 48075

Date _2-1-06_

6786

9-9/720
42

Pay to the
Order of _Real Estate_ | $ _958.24_

_Nine hundred fifty eight_ _24/100_ Dollars

ComericA
Comerica Bank
Detroit, Michigan

For ____

⑆072000096⑆ 0444003040⑈ 006786 ⑈00000958 24⑈

---

**Real Estate Assets, LLC**
19785 W. 12 Mile Rd. #502
Southfield, MI 48076

**James A. & Shirley Beeler**
21445 Brixton
Southfield, MI 48075

# Receipt

| Date | Receipt # |
|------|-----------|
| 7/8/2005 | 4208 |

| Type | Amount | Memo |
|------|--------|------|
| Check | $958.16 | #7100 |
| Cash | $0.00 | |
| Credit | $0.00 | |

| Total Paid |
|------------|
| $958.16 |



JPMORGAN CHASE BANK, NA
074909962

0520499634

COMERICA
PROCESSED*NI        10074
0730427680  05-03  06

PAY TO THE ORDER OF
PARAMOUNT BANK
072413861
FOR DEPOSIT ONLY
REAL ESTATE ASSETS, LLC
F/B/O RYM TECHNOLOGY HOLDINGS, LLC
ACCT# 0200-00369-7

JPMORGAN CHASE BANK, NA
074909962

0520490741

COMERICA
PROCESSED*NI        0928
074017462  02-09-06

PAY TO THE ORDER OF
PARAMOUNT BANK
072413861
FOR DEPOSIT ONLY
REAL ESTATE ASSETS, LLC
B/O RYM TECHNOLOGY HOLDINGS, LLC
ACCT# 0200-00369-7



**ORIGINAL** NEW APPLICATION


0000065465

BEFORE THE ARIZONA CORPORATION COMMISSION

COMMISSIONERS

JEFF HATCH-MILLER, Chairman
WILLIAM A. MUNDELL
MIKE GLEASON
KRISTIN K. MAYES
GARY PIERCE

| | |
|---|---|
| In the matter of: | DOCKET NO. S-20509A-07-0043 |
| PERRY and TERRY PENNY, husband and wife,<br>Gilbert, Arizona | **TEMPORARY ORDER TO CEASE AND DESIST AND NOTICE OF OPPORTUNITY FOR HEARING** |
| PENNY FINANCIAL, INC., a Michigan corporation,<br>Gilbert, Arizona | |
| PENNY PROPERTIES, INC., a Michigan corporation,<br>Gilbert, Arizona | |
| RYM TECHNOLOGY HOLDINGS, L.L.C., a Michigan limited liability company,<br>Birmingham, MI | |
| FELIX L. DANIEL SR. and JANE DOE DANIEL, husband and wife,<br>Birmingham, MI | |
| Respondents. | |

**NOTICE:    THIS ORDER IS EFFECTIVE IMMEDIATELY**

**EACH RESPONDENT HAS 20 DAYS TO REQUEST A HEARING**

**EACH RESPONDENT HAS 30 DAYS TO FILE AN ANSWER**

The Securities Division ("Division") of the Arizona Corporation Commission ("Commission") alleges that RESPONDENTS PERRY PENNY, TERRY PENNY, PENNY FINANCIAL, INC., PENNY PROPERTIES, INC., RYM-TECHNOLOGY HOLDINGS, L.L.C.

1 FELIX L. DANIEL SR. and JANE DOE DANIEL engaged in or are about to engage in acts and
2 practices that constitute violations of A.R.S. § 44-1801, *et seq.*, the Arizona Securities Act
3 ("Securities Act"), and that the public welfare requires immediate action.

### I.

### JURISDICTION

6    1.    The Commission has jurisdiction over this matter pursuant to Article XV of the
7 Arizona Constitution and the Securities Act.

### II.

### RESPONDENTS

10   2.   PERRY PENNY who resides in Gilbert, Arizona was at all relevant times an
11 incorporator of PENNY FINANCIAL, INC. and PENNY PROPERTIES, INC. two Michigan
12 corporations. PERRY PENNY is married to TERRY PENNY.

13   3.   TERRY PENNY who resides in Gilbert, Arizona was at all relevant times an
14 incorporator of PENNY FINANCIAL, INC. and PENNY PROPERTIES, INC. two Michigan
15 corporations. TERRY PENNY is married to PERRY PENNY.

16   4.   PENNY FINANICAL, INC. ("PENNY FINANCIAL") has been a Michigan
17 corporation since 2004. PERRY and TERRY PENNY were the incorporators of PENNY
18 FINANCIAL. PENNY FINANCIAL has not filed for authority to conduct business in Arizona
19 through the Arizona Corporation Commission, Corporations Division.

20   5.   PENNY PROPERTIES, INC. ("PENNY PROPERTIES") has been a Michigan
21 corporation since 2003.   PERRY and TERRY PENNY were the incorporators of PENNY
22 PROPERTIES. PENNY PROPERTIES has not filed for authority to conduct business in Arizona
23 through the Arizona Corporation Commission, Corporations Division.

24   6.   RYM TECHNOLOGY HOLDINGS, L.L.C. ("RYM"), organized as a Michigan
25 limited liability company since about 2003. RYM is based in Michigan. The Resident Agent for
26 RYM is FELIX L. DANIEL SR.

-2-

Docket No. S-20509A-07-0043

7.     FELIX L. DANIEL SR. ("DANIEL"), who resides in Michigan, was at all relevant times associated with RYM.

8.     JANE DOE DANIEL, was at all relevant times the spouse of RESPONDENT DANIEL. JANE DOE DANIEL is a fictitious name used to describe any person married to DANIEL. JANE DOE DANIEL is joined in this action under A.R.S. § 44-2031(C) solely for purposes of determining the liability of the marital community.

9.     At all relevant times, DANIEL was acting for his own benefit, and for the benefit or in furtherance of the marital community.

10.    At all relevant times, RESPONDENT PERRY PENNY and RESPONDENT TERRY PENNY were acting for their own benefit, and for the benefit or in furtherance of the marital community.

11.    RESPONDENTS PERRY PENNY and TERRY PENNY may be collectively referred to as "the PENNYS."

12.    RESPONDENTS PERRY PENNY, TERRY PENNY, PENNY FINANCIAL, PENNY PROPERTIES, RYM and DANIEL may be collectively referred to as "RESPONDENTS."

13.    JANE DOE DANIEL may be referred to as "RESPONDENT SPOUSE."

### III.

### FACTS

14.    RESPONDENTS offered and sold, and continue to offer and sell, notes and/or investment contracts within or from the state of Arizona through personal meetings and/or use of the internet in the form of notes. The notes and/or investment contracts are not registered with the Arizona Corporation Commission, Securities Division.

15.    Both PENNY FINANCIAL AND PENNY PROPERTIES have websites that offer the notes and/or investment contracts to the general public.

16.    The program offered and sold by the RESPONDENTS is entitled the "5 Years to Freedom Program" ("5 Year Program"). The 5 Year Program is a program that allows investors the

1    opportunity of owning their property "free and clear in only 5 years." According to the

2    RESPONDENTS, the 5 Years to Freedom Program helps home owners become debt free in a few

3    years.

4           17.      According to the RESPONDENTS websites and representations, to become debt

5    free in a short period of time, the investors invest 25% - 45% of the equity in their homes. The

6    funds are then sent to the PERRYS in two checks; one check is 2% of the mortgage amount payable

7    to the PERRYS for their commission and the second check is payable to RYM for the amount of the

8    investment.

9           18.      Once there is an agreement to invest, the investors receive investments

10    documentation from RYM that includes a "Self-Amortizing Conditional Payment Note" ("Note")

11    and a "Property Maintenance Terms and Conditions Agreement" ("Property Agreement"). The Note

12    is executed by DANIEL, on behalf of RYM, for the benefit of the investor. The Property Agreement

13    is between RYM as "Agent" for the investor who were the "Holder."

14           19.      The offerees and investors are given offering documents stating that their funds will

15    be invested by a reputable investment firm, with a guaranteed return on investment. The offering

16    documents state that the investment funds are placed "in an account that generates large profits" and

17    "there is no involvement with risky investments."

18           20.      The PERRYS represent to offerees that their investments will be invested in new

19    developments, condo conversions and in the international trade market. In fact, the PERRYS stated

20    to at least one offeree that RYM has a contract with FEMA for some waterfront re-development in

21    New Orleans. They further represented to the same offeree that RYM is doing condo conversions in

22    the Mediterranean.

23           21.      It is represented to offerees and investors that the investments made by the

24    RESONDENTS to cover the costs of the 5 Year Program are invested in an account that generates

25

26

---

[1] The investor can have the equivalent amount of cash or the investors are encouraged to refinance their mortgages to pull out their equity to make the investment.

1 large profits with limited risks. Further, the offerees and investors are informed that the investments

2 that would be made with their funds would be similar to those in which insurance companies invest.

3     22.     The offerees are told that RYM will double the investors' money within six months

4 by investing in condominium conversions. If RYM invested in the international markets, RYM

5 would earn 15 to 20 percent return per week.

6     23.     RESPONDENTS provide offering documentation to offerees, either through the

7 mails, telephonically, in person or on the internet representing once the investment is made, the first

8 six months of mortgage payments will be paid, then the investors will receive half of their mortgage

9 payments for the term of the Note (four, five or six years). Upon maturity of the Note, the investors

10 will receive a balloon payment that the investors can use to pay off their mortgage. Offerees and

11 investors are told that the cost of the 5 Year Program, plus interest is "fully guaranteed." In fact, the

12 RESPONDENTS have represented to at least one offeree that this program is guaranteed and low

13 risk. The RESPONDENTS offer several other programs that use the 5 Years to Freedom Program as

14 the basis of the investments; Millionaire Action Plan and the Real Estate Investor's Millionaire

15 Action Plan.

16     24.     On October 29, 2006, the Enforcement Director for the Utah Division of Securities

17 of the Department of Commerce contacted TERRY PERRY and informed her that the "5 Years to

18 Freedom" program was a security and that the RESPONDENTS needed to be licensed to offer and

19 sell the program. TERRY PERRY responded that she did not believe the program was a security.

20 TERRY PERRY indicated that all the PERRYS did was market the program and qualify the clients.

21 The notes were signed by DANIEL on behalf of RYM. TERRY PERRY was informed that she

22 needed to be licensed as a securities salesman and she should contact the Securities Division of the

23 Arizona Corporation.

24     25.     The PENNYS represented to an offeree that they had investors in California,

25 Michigan and Minnesota. The PENNYS further stated that they were working with individuals in

26 Arizona but do not have any investors in Arizona.

26.     Despite the conversation with the Utah Securities Division, the RESPONDENTS continued to represent to offerees that their investment programs were not securities and did not need to be registered.  The RESPONDENTS' websites continue to solicit investors also asserting that the investment programs were not securities.

27.     It appears in the PENNYS' website that they may be offering another investment opportunity. PENNY PROPERTIES website indicates that they are seeking "Financial Partners" to finance construction of two homes in Michigan. Although the Financial Partner does not invest cash, the Financial Partner must have sufficient credit to obtain mortgages for the projects. Once the properties sold, the Financial Partner would receive a profit on their investment.  The website indicates that Financial Partners would receive an "infinite return on investment."

IV.

**VIOLATION OF A.R.S. § 44-1841**

**(Offer and Sale of Unregistered Securities)**

28.     From about 2002, RESPONDENTS offered or sold securities in the form of notes and/or investment contracts, within or from Arizona.

29.     The securities referred to above were not registered pursuant to Articles 6 or 7 of the Securities Act.

30.     This conduct violates A.R.S. § 44-1841.

V.

**VIOLATION OF A.R.S. § 44-1842**

**(Transactions by Unregistered Dealers or Salesmen)**

31.     RESPONDENTS offered or sold securities within or from Arizona while not registered as dealers or salesmen pursuant to Article 9 of the Securities Act.

32.     This conduct violates A.R.S. § 44-1842.

VI.

### VIOLATION OF A.R.S. § 44-1991

#### (Fraud in Connection with the Offer or Sale of Securities)

33.    In connection with the offer or sale of securities within or from Arizona, RESPONDENTS directly or indirectly: (i) employed a device, scheme or artifice to defraud; (ii) made untrue statements of material fact or omitted to state material facts which were necessary in order to make the statements made not misleading in light of the circumstances under which they were made; or (iii) engaged in transactions, practices or courses of business which operated or would operate as a fraud or deceit upon offerees and investors. RESPONDENTS' conduct includes, but is not limited to, the following:

a)    RESPONDENTS fail to disclose the risk involved with the 5 Years to Freedom Program and in fact, represent the program has little or no risk. In at least one circumstance, an investor has not received the required payments for at least three months.

b)    RESPONDENTS misrepresented to at least one offeree that the investment opportunities offered by the RESPONDENTS are not securities and do not have to be licensed when in fact; RESPONDENTS were specifically told by a regulatory agency that their product was a security and needed to be licensed.

c)    RESPONDENTS misrepresent to offerees that RYM would invest the investment funds and receive 15 to 20 percent return per week.

d)    RESPONDENTS misrepresent that the investment program is guaranteed when in fact the note signed by the investor and RYM indicate that there is no guarantee of performance.

e)    TERRY PENNY informs offerees that if RYM was unable to obtain a return on the investment funds sufficient to pay the mortgage payments and the balloon payments the Note guarantees payment of the principal plus 7% interest. TERRY PENNY has indicated to at least one offeree that RYM had never failed to make the monthly or

Docket No. S-20509A-07-0043

1    balloon payments as represented. In fact, at least one investor has not received the

2    monthly payments as represented for at least three months.

3    34.    This conduct violates A.R.S. § 44-1991.

4    35.    RESPONDENTS RYM and DANIEL made, participated in or induced the sale and

5    purchase of securities within the meaning of A.R.S. § 44-2003(A).  Therefore, RESPONDENTS

6    RYM and DANIEL are jointly and severally liable for the above violations of A.R.S. §§ 44-1991

7    44-1841 and 44-1842.

8    **XII.**

9    **TEMPORARY ORDER**

10   **Cease and Desist from Violating the Securities Act**

11   THEREFORE, based on the above allegations, and because the Commission has determined

12   that the public welfare requires immediate action,

13   IT IS ORDERED, pursuant to A.R.S. §§ 44-2032 and A.A.C. R14-4-307, that the

14   RESPONDENTS, their agents, servants, employees, successors, assigns, and those persons in active

15   concert or participation with them CEASE AND DESIST from any violations of the Securities Act.

16   IT IS FURTHER ORDERED that this Temporary Order to Cease and Desist shall remain in

17   effect for 180 days unless sooner vacated, modified or made permanent by the Commission.

18   IT IS FURTHER ORDERED that this Order shall be effective immediately.

19   **XIII.**

20   **REQUESTED RELIEF**

21   The Division will request that the Commission grant the following relief against

22   RESPONDENTS:

23   1.    Order RESPONDENTS to permanently cease and desist from violating the

24   Securities Act, pursuant to A.R.S. § 44-2032;

25

26

- 8 -

Docket No. S-20509A-07-0043

2.   Order RESPONDENTS to take affirmative action to correct the conditions resulting from their acts, practices or transactions, including a requirement to make restitution pursuant to A.R.S. § 44-2032;

3.   Order RESPONDENTS to pay the state of Arizona administrative penalties of up to five thousand dollars ($5,000) for each violation of the Securities Act, pursuant to A.R.S. § 44-2036;

4.   Order that the marital community of PERRY and TERRY PENNY be subject to any order of restitution, rescission, administrative penalties, or other appropriate affirmative action pursuant to A.R.S. § 25-215;

5.   Order that the marital community of FELIX L. DANIEL and JANE DOE DANIEL be subject to any order of restitution, rescission, administrative penalties, or other appropriate affirmative action pursuant to A.R.S. § 25-215; and

6.   Order any other relief that the Commission deems appropriate.

## XIV.

## HEARING OPPORTUNITY

RESPONDENTS may request a hearing pursuant to A.R.S. § 44-1972 and A.A.C. Rule 14-4-307. **If any RESPONDENT or RESPONDENT SPOUSE requests a hearing, the RESPONDENT must also answer this Temporary Order and Notice.** A request for hearing must be in writing and received by the Commission within 20 days after service of this Temporary Order to Cease and Desist. Each RESPONDENT must deliver or mail the request for hearing to Docket Control, Arizona Corporation Commission, 1200 West Washington, Phoenix, Arizona 85007. A Docket Control cover sheet must also be filed with the request for hearing. A cover sheet form and instructions may be obtained from Docket Control at (602) 542-3477 or on the Commission's Internet web site at www.cc.state.az.us/utility/forms/index.htm.

If a request for hearing is timely made, the Commission shall schedule a hearing to begin 10 to 30 days from the receipt of the request unless otherwise provided by law, stipulated by the parties, or ordered by the Commission. **Unless otherwise ordered by the Commission, this Temporary**

1  Order shall remain effective from the date a hearing is requested until a decision is entered.
2  After a hearing, the Commission may vacate, modify or make permanent this Temporary Order,
3  with written findings of fact and conclusions of law. A permanent Order may include ordering
4  restitution, assessing administrative penalties or other action.

5      If a request for hearing is not timely made, the Division will request that the Commission
6  make permanent this Temporary Order, with written findings of fact and conclusions of law, which
7  may include ordering restitution, assessing administrative penalties or other relief.

8      Persons with a disability may request a reasonable accommodation such as a sign language
9  interpreter, as well as request this document in an alternative format, by contacting Linda Hogan,
10 Executive Assistant to the Executive Director, voice phone number 602/542-3931, e-mail
11 lhogan@azcc.gov. Requests should be made as early as possible to allow time to arrange the
12 accommodation.

13                                        **XV.**

14                          **ANSWER REQUIREMENT**

15     Pursuant to A.A.C. R14-4-305, if any RESPONDENTS or RESPONDENT SPOUSE
16 requests a hearing, the RESPONDENTS or RESPONDENT SPOUSE must deliver or mail an
17 Answer to this Temporary Order and Notice to Docket Control, Arizona Corporation Commission,
18 1200 W. Washington, Phoenix, Arizona 85007, within 30 calendar days after the date of service of
19 this Temporary Order to Cease and Desist and Notice of Opportunity for Hearing. A Docket
20 Control cover sheet must accompany the Answer. A cover sheet form and instructions may be
21 obtained from Docket Control by calling (602) 542-3477 or on the Commission's Internet web site
22 at www.cc.state.az.us/utility/forms/index.htm.

23     Additionally, the RESPONDENTS OR RESPONDENT SPOUSE, must serve the Answer
24 upon the Division. Pursuant to A.A.C. R14-4-303, service upon the Division may be made by
25 mailing or by hand-delivering a copy of the Answer to the Division at 1300 West Washington, 3rd
26 Floor, Phoenix Arizona, addressed to Wendy Coy, Senior Counsel.

Docket No. S-20509A-07-0043

1         The Answer shall contain an admission or denial of each allegation in this Temporary

2 Order and Notice and the original signature of each RESPONDENT, RESPONDENT SPOUSE or

3 the RESPONDENT's attorney. A statement of a lack of sufficient knowledge or information shall

4 be considered a denial of an allegation. An allegation not denied shall be considered admitted.

5         When RESPONDENTS or RESPONDENT SPOUSE intends in good faith to deny only a

6 part or a qualification of an allegation, the RESPONDENTS or RESPONDENT SPOUSE shall

7 specify that part or qualification of the allegation and shall admit the remainder. The

8 RESPONDENTS or RESPONDENT SPOUSE waives any affirmative defense not raised in the

9 answer.

10         The officer presiding over the hearing may grant relief from the requirement to file an

11 Answer for good cause shown.

12         BY ORDER OF THE ARIZONA CORPORATION COMMISSION, this 22 day of

13 January, 2007.

14

                                Matthew J. Neubert

15                                 Director of Securities

16   N:\ENFORCE\IIO\Penny Financial, Inc\Pleadings\TC&D

17

18

19

20

21

22

23

24

25

26



**State of Utah**
**Department of Commerce**
Division of Securities

JON M. HUNTSMAN, JR.
*Governor*

GARY R. HERBERT
*Lieutenant Governor*

FRANCINE A. GIANI
*Executive Director*

THAD LEVAR
*Deputy Director*

WAYNE KLEIN
*Director of Securities*

**NEWS RELEASE**

December 21, 2006

<u>**Arizona Home Equity Scheme Challenged by the State**</u>
*Investor told home equity can be invested to earn profits to pay off entire home mortgage...*

**SALT LAKE CITY, Utah** – The Utah Division of Securities today issued an Order to Show Cause against investment promoters from Arizona and Michigan. According to the Division, Penny Financial, Inc., Perry Penny, and Terry Penny, all of Gilbert, AZ, solicited money from a Utah investor claiming the money would earn profits high enough to pay off the investor's home mortgage in five years. The Pennys said the investments would be managed by RYM Technology Holdings, LLC and Felix L. Daniel, of Wayne County Michigan. Daniel is the managing member of RYM Technology.

According to the Order to Show Cause, Penny Financial advertises a "5 Years to Freedom" program on its web site. Under this program, investors are required to invest at least 25% of the value of their home mortgages in the program. This generally is done by refinancing the mortgage to withdraw available equity. The money is then to be sent to RYM Technologies where it is invested in a way that pays off the entire mortgage in only five years.

The Division alleges that the Pennys told potential Utah investors that there was no risk in the program and that the principal amount invested was guaranteed. The company even claimed that the investment program had a patent pending, "showing that this program is both legitimate and beneficial." Moreover, Perry Penny told potential investors the program had passed inspection by the U.S. Attorney's Office and the IRS and that 30 IRS agents invested in the program. He is alleged to have said the investor's money would be sent to RYM Technology where it would be invested in large real estate deals such as apartment conversions in New York and China. Terry Penny (the wife of Perry Penny) also solicited the potential investor in Utah, suggesting that she "pull as much cash out [of the home] at the closing as possible."

RYM Technology sent a package of investment documents to the Utah resident being solicited, including a payment note. Fortunately, the Utah resident decided not to invest and informed the Division of the solicitation. During the investigation of this matter, the Division has been coordinating with Michigan securities regulators, who also are investigating this scheme.

A hearing has been set for January 29, 2007 to determine whether the respondents dispute the Division's allegations and to set a trial date. If the Division's allegations are proven, the respondents may be fined as much as $120,000.

STATE OF ILLINOIS
SECRETARY OF STATE
SECURITIES DEPARTMENT

IN THE MATTER OF: FELIX DANIEL; and RYM TECHNOLOGY HOLDINGS, LLC dba RYM TECHNOLOGY, LLC.

) Case No.0600670
)
)
)
)

## TEMPORARY ORDER OF PROHIBITION

TO RESPONDENT:     RYM Technology Holdings, LLC
330 E. Maple Road
Suite 408
Birmingham, Michigan 48009

Felix Daniel
16400 N. Park Drive
Apt. #418
Southfield, Michigan 48075

On information and belief, I. Jesse White, Secretary of State for the State of Illinois, through my designated representative, who has been fully advised in the premises by the staff of the Securities Department, Office of the Secretary of State, herein find

That Felix Daniel ("Daniel" or together with RYM, "Respondents") is an individual whose last known address is 16400 N. Park Drive, apt. # 418, Southfield, Michigan 48075.

2.     Daniel is an officer, agent, and/or owner of RYM.

3.     That RYM Technology Holdings, LLC dba RYM Technology, LLC ("RYM" or together with Felix Daniel, "Respondents"), is a business entity located at 330 E. Maple Road, Suite 408, Birmingham, Michigan 48009.

4.     That RYM is a Michigan limited liability company doing business in Illinois, and markets itself, among other things, as providing a "Mortgage Reduction Program" as well as conducting "property acquisitions and leasebacks." RYM is not registered to do business in the State of Illinois.

Temporary Order
of Prohibition
-2-

5    That in or about July 2005 Daniel and RYM, as part of the "Mortgage Reduction Program," offered to one or more Illinois residents ("Investor") the Residential Lease and Trust Agreement ("RTLA").

6    That RTLA provided, that title to Investor's house would go into a RYM Trust of which Investor would be the beneficiary; that RYM could not transfer title to Investor's house without Investor's consent; that Investor would continue to live in the house as long as Investor continued to make stipulated rent payments to RYM; that RYM would pay all accruing tax and hazard insurance bills; and that Investor would get back record legal title to the house from the RYM Trust at the end of five years free and clear of all mortgage liens (Investor's house had been re-mortgaged at $166,126.96).

7.   That on or about July 14, 2005, Investor entered the RTLA, which was accepted by RYM and signed by Daniel. In consideration for the RTLA, Investor signed over a check from the closing on the house in the amount of $44,156.71

8    That the activities set forth in paragraphs 5 through 7 above constitute the offer and sale of an investment contract, and therefore a security as those terms are defined at Sec. 2.1, 2.5, and 2.5a of the Illinois Securities Law of 1953 (815 ILCS 5) (the "Act").

9.   That Section 5 of the Act states, *inter alia*, that all securities except those set forth under Section 2a of this Act, or those exempt under Section 3 of this Act, or those offered or sold in transactions exempt under Section 4 of this Act, or face amount certificate contracts required to be registered under Section 6 of this Act, shall be registered as hereinafter in this section provided, prior to their offer or sale in this State.

10.  That Respondents failed to file with the Secretary of State an application for registration of the securities described above as required by the Act and that as a result the security was not registered pursuant to Section 5 of the Act prior to its offer and sale in the State of Illinois.

11.  That Section 12.A of the Act provides it shall be a violation of the provisions of this Act for any person to offer or sell any security except in accordance with the provisions of this Act

12.  That Section 12.D of the Act provides that it shall be a violation of the provision so of this Act for any person to fail to file with the Secretary of State any application, report or document required to be filed under the provisions of this Act or any rule or regulation made by the Secretary of State pursuant to this Act or to fail to comply with the terms of any order of the Secretary of State issued pursuant to Section 11 hereof.

13.  That Respondents failed to file with the Secretary of State an application for registration of the securities described above as required by the Act and that as a result the security was not registered pursuant to Section 5 of the Act prior to its offer in the State of Illinois.

Temporary Order
of Prohibition

NOTICE is hereby given that Respondent may request a hearing on this matter by transmitting such request in writing to the Director, Illinois Securities Department, 69 West Washington Street, Suite 1220, Chicago, Illinois 60602. Such request must be made within thirty (30) calendar days of the date of entry of the Temporary Order of Prohibition. Upon receipt of a request for hearing, a hearing will be scheduled as soon as reasonably practicable. A request for hearing will not stop the effectiveness of this Temporary Order and will extend the effectiveness of this Temporary Order for sixty days from the date the hearing request is received by the Department.

FAILURE BY ANY RESPONDENT TO REQUEST A HEARING WITHIN THIRTY (30) CALENDAR DAYS AFTER ENTRY OF THIS TEMPORARY ORDER OF PROHIBITION SHALL CONSTITUTE AN ADMISSION OF ANY FACTS ALLEGED HEREIN AND SHALL CONSTITUTE SUFFICIENT BASIS TO MAKE THIS TEMPORARY ORDER OF PROHIBITION FINAL.

Dated. This __29th__ day of December 2006.

JESSE WHITE
Secretary of State
State of Illinois

Jay A. Biondo
Enforcement Attorney
Illinois Securities Department
69 West Washington Street, Suite 1220
Chicago, Illinois 60602
312-793-3378

JS 44 (Rev. 11/04)        **CIVIL COVER SHEET** County in which this action arose _OAKLAND_

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provide by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiati the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a)  PLAINTIFFS**

_SHIRLEY BEELER_

**(b)** County of Residence of First Listed Plaintiff _____

(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number) _BB 248 3455861_
_LYNDA SMITH MAYS (P31190)_
_P.O. BOX 27530  DET MI 48227_

**DEFENDANTS** _Deutsche Bank National Trust Co._
_RYM-TECHNOLOGY HOLDING, LLC, REAL_
_ESTATE ASSET, LLC,  FELIX DANIEL SR._

County of Residence of First Listed Defendant _____

Case: 2:08-cv-10634
Judge: Cook, Julian Abele
Referral MJ: Scheer, Donald A
Filed: 02-13-2008 At 03:50 PM
CMP: BEELER V. DEUTSCHE BANK NATL T
RST CO ET AL (NH)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plain and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization A |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determinat Under Equal Access to Justice |
| ☒ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to Distri Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause: _QUIET TITLE_

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):   JUDGE _____ DOCKET NUMBER _____

DATE _2/13/08_

SIGNATURE OF ATTORNEY OF RECORD _Lynda Smith Mays (P31190)_

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

PURSUANT TO LOCAL RULE 83.11

1.　　　　Is this a case that has been previously dismissed?　　　☐ Yes
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　☒ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


2.　　　　Other than stated above, are there any pending or previously
discontinued or dismissed companion cases in this or any other
court, including state court? (Companion cases are matters in which　☐ Yes
it appears substantially similar evidence will be offered or the same　☒ No
or related parties are present and the cases arise out of the same
transaction or occurrence.)

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


Notes :