UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


SHIRLEY BEELER,

        Plaintiff,

                                                        Case number 2:08-cv-10634

v.                                              Honorable Julian Abele Cook, Jr.

DEUTSCHE BANK NATIONAL TRUST
COMPANY, RYM-TECHNOLOGY HOLDING,
LLC, REAL ESTATE ASSET, LLC in their
corporate capacities, and FELIX DANIEL, SR.
in his individual capacity jointly and severally,

        Defendants.


ORDER

The issue before the Court involves a request by the Plaintiff, Shirley Beeler, for an order that will temporarily restrain the Defendants, Deutsche Bank National Trust Company et al,[1] from engaging in any exercise that will cause her to be removed from a parcel of realty which is commonly known as 21445 Brixton Place in Southfield, Michigan. Fed. R. Civ. P. 65(b).

---

[1]The Defendants, who have been identified in this action by Beeler, are (1) Deutsch Bank National Trust Company ("Deutsch Bank"), which is a division of the global investment firm, Deutsche Bank, in Frankfurt, Germany; (2) RYM Technology Holding L.L.C. ("RYM-Tech") is a Michigan based corporation which is involved in the mortgage/real estate industry; (3) Real Estate Asset, L.L.C. is a Michigan limited liability company which describes itself as a real estate brokerage firm that specializes in the listing, selling and managing of residential real property; however, it should be noted that a recent examination of the records at the Michigan Department of Labor and Economic Growth report that the company is not in good standing as of February 15, 2008 (Phyllis Robinson serves as its resident agent); and (4) Felix Daniel, Sr., also known as Felix L. Daniel Sr., serves as the resident agent of RYM-Technology Holdings, L.L.C.

I.

According to her complaint, Shirley Beeler, has owned the Brixton Place property for nearly fifty years. On February 13, 2008, she, fearful of losing all of her rights to this dwelling, filed a three-count complaint, in which she charged each of the Defendants with (1) intentionally causing her to sustain emotional distress, (2) purposefully employing acts of fraud, and (3) handling her property interests with negligence, all in connection with her homestead.

In her complaint, Beeler asserts that the Defendants knowingly subjected her to a fraudulent financing / investment scheme whereby she would pay the monthly sum of nine hundred fifty eight dollars ($958) to RYM-Tech, Real Asset and Daniel, as the assignees of her mortgage. It is Beeler's contention that these recipients made commitments that they would place the monies into a "government guaranteed" investment opportunity which, in turn, would enable her to pay off the mortgage on the Brixton Place home within one year. However, she contends that the Defendants knowingly and intentionally deceived her, in that Real Estate Asset collected payments, managed the property, and improperly funneled the monies to RYM-Tech without making the promised secured investments. Moreover, she accuses Real Estate Asset, RYM-Tech and Daniel of allowing her mortgage to lapse into foreclosure, which resulted in a sale of the Brixton Place property by the Oakland County (Michigan) Sheriff on January 23, 2007 to the Defendant, Deutsche Bank.

II.

Rule 65(b) of the Federal Rules of Civil Procedure permits a court, in its discretion, to issue a temporary restraining order without notice to the adverse party "if specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." *Id; Hadix v Johnson,* 871

F.2d 1087 (6th Cir. 1989) ("The granting or denial of a preliminary injunction is committed to the sound discretion of the trial court."). A temporary restraining order represents an extraordinary remedy that is justified only by the need for immediate relief. 11A Wright, Miller & Kane, <u>Federal Practice and Procedure</u>: Civil 2d § 2951. The moving party bears the heavy burden of establishing the need for a temporary restraining order. *See generally, Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 423, 442-43 (1974).

In determining the propriety of temporary injunctive relief, a court is strongly encouraged to consider the following factors: whether (1) the plaintiff has shown a strong likelihood of success on the merits; (2) the plaintiff will otherwise suffer an irreparable injury; (3) the issuance of a preliminary injunction would cause substantial harm to others; and (4) the public interest would be served by the issuance of a preliminary injunction. *Sandison v. Michigan High School Athletic Association,* 64 F.3d 1026, 1030 (6th Cir.1995). However, these factors, while not constituting a rigid and comprehensive test, should be balanced whenever such an evaluation is undertaken by the trial court. *In re Eagle-Picher Indus.*, Inc. 963 F.2d 855, 859 (6th Cir.1992).

III.

In resolving this issue, the Court finds that Beeler has failed to satisfy her burden under Rule 65(b) of establishing the need for a temporary restraining order. Although she has set forth allegations of irreparable harm with presumptive sufficiency, the law, as interpreted by *Sandison,* requires more. As the moving party, she must address such other factors (i.e, the likelihood of success on the merits, the impact of the injunction upon others and the role of the public interest) with some degree of clarity and thoroughness. Beeler, in her pending motion for the issuance of

a temporary restraining order, has failed to do so. While mindful of a petitioner's heavy burden under these circumstances, the Court is not persuaded that the facts - as presented - warrant the extraordinary remedy of a temporary restraining order. Accordingly, Beeler's motion, in which she seeks to obtain a temporary restraining order, must be, and is, denied.

Beeler has also asked the Court to issue a preliminary injunction which, if granted, would prevent the Defendants from completing their foreclosure efforts relating to the parcel of property at 21445 Brixton Place in Southfield, Michigan. A hearing on Beeler's motion for the issuance of a preliminary injunction will be conducted by this Court on Monday March 11, 2008 at 9:00 a.m. At this hearing, the parties will be given an opportunity to address such issues as (1) the jurisdiction of the Court to address the merit, if any of the allegations within the complaint, and (2) the grounds, if any, upon which a preliminary injunction can be issued.

IT IS SO ORDERED.


Dated: February 21, 2008                    s/ Julian Abele Cook, Jr.
       Detroit, Michigan                    JULIAN ABELE COOK, JR.
                                            United States District Court Judge


Certificate of Service

I hereby certify that on February 21, 2008, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

                                            s/ Kay Alford
                                            Courtroom Deputy Clerk

4