UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


SHIRLEY BEELER,

        Plaintiff,

v.                                                                          Case number 2:08-cv-10634
                                                                            Honorable Julian Abele Cook, Jr.
DEUTSCHE BANK NATIONAL TRUST
COMPANY, RYM-TECHNOLOGY HOLDING,
LLC, REAL ESTATE ASSET, LLC in their
corporate capacity and FELIX DANIEL, SR. in his
individual capacity jointly and severally,

        Defendants.


ORDER

      The issue before the Court involves a request by the Plaintiff, Shirley Beeler, for an order

that will preliminarily enjoin the Defendants, Deutsche Bank National Trust Company et al,[1] from

proceeding with foreclosure and eviction proceedings relating to a parcel of realty,  commonly

known as 21445 Brixton Place in Southfield, Michigan. Fed. R. Civ. P. 65(b).  Her request is

_____

     [1]The Defendants, who have been identified in this action by Beeler, are (1) Deutsch Bank
National Trust Company ("Deutsch  Bank"), which is a division of the global investment firm,
Deutsche Bank, in Frankfurt, Germany;  (2) RYM Technology Holding L.L.C. ("RYM-Tech") is
a Michigan based corporation which is involved in the mortgage/real estate industry; (3) Real Estate
Assets, L.L.C. is a Michigan limited liability company which describes itself as a real estate
brokerage firm that specializes in the listing, selling and managing of residential real property;
however, it should be noted that a recent examination of the records at the Michigan Department of
Labor and Economic Growth report that this company is not in good standing as of February 15,
2008 (Phyllis Robinson serves as its resident agent); and (4) Felix Daniel, Sr., also known as Felix
L. Daniel Sr., serves as the resident agent of RYM-Technology Holdings, L.L.C.

opposed by the Defendant, Deutsche Bank National Trust Company ("Deutsche Bank").

I.

According to her complaint, Shirley Beeler has owned the Brixton Place property for nearly fifty years. On February 13, 2008, she, fearful of losing all of her rights to this dwelling, filed (1) a motion for a temporary restraining order, (2) a motion for a preliminary injunction, and (3) a three-count complaint, in which she charged each of the Defendants with (a) intentionally causing her to incur emotional distress, (b) purposefully employing acts of fraud, and (c) handling her property interests with negligence, all in connection with her homestead.

In her complaint, Beeler also alleged that the Defendants knowingly subjected her to a fraudulent financing / investment scheme whereby she would pay a monthly sum of nine hundred fifty eight dollars ($958) to RYM-Tech, Real Assets and Daniel, as the assignees of her mortgage. She contends that these recipients agreed to place the monies into a "government guaranteed" investment opportunity which would enable her to pay off the Brixton Place mortgage within one year. However, it is Beeler's contention that Real Estate Assets collected her payments, managed the property, and thereafter improperly funneled the monies to RYM-Tech without making the promised secured investments. Moreover, she accuses Real Estate Assets, RYM-Tech and Daniel of allowing her mortgage to lapse into foreclosure which resulted in a sale of the Brixton Place property by the Oakland County (Michigan) Sheriff on January 23, 2007 to the Deutsche Bank.

On February 21, 2008, the Court denied Beeler's motion for a temporary injunction. During the following month, the Court conducted a hearing on March 11, 2008 in order to assess its jurisdiction over the subject matter in this controversy, and, if necessary, to evaluate Beeler's

application for a preliminary injunction.[2]

## II.

Federal courts are empowered to hear only those cases that (1) are within the judicial power of the United States, as defined in the Constitution, and (2) have been entrusted to them by a jurisdictional grant from Congress. Wright, Miller & Cooper, <u>Federal Practice and Procedure</u>: Jurisdiction 2d § 3522. As such, there is a presumption that a federal court lacks the authority to address issues in controversy unless there is evidence that it possesses jurisdiction over the subject matter. *Id; See also*, *Memphis American Federation of Teachers v. Board of Education*, 534 F.2d 699, 701 (6th Cir. 1976) ("Without a finding that there is federal jurisdiction over a particular claim for relief the federal courts are without power to proceed"). Under such circumstances, a plaintiff bears the burden of proving facts that are necessary in order to establish jurisdiction. *Escude Cruz v. Ortho Pharmaceutical Corp.*, 619 F.2d 902, 904 (1st Cir. 1980).

On this important issue, Beeler submits that this Court does have subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (a), which provides as follows: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." Through this statute, Congress extended the authority of federal courts to hear civil actions involving citizens of different states. *Caudill v. North American Media Corp.,* 200 F.3d 914, 916 (6th Cir. 2000).

---

[2]At the conclusion of the hearing on March 11, 2008, the Court granted Beeler's request for an opportunity to submit a supplemental brief that would attempt to explain why, in her view, it has jurisdiction to resolve her claims. Six days later, she submitted a memorandum which addressed the issues of res judicata and the Rooker-Feldman doctrine. However, inasmuch as this Court continues to believe that it is without jurisdiction to decide her claims, this order will not assess those portions of this memorandum.

3

Nevertheless, diversity jurisdiction only exists if there is *complete* diversity between the parties. *Id.* That is, no party may share the same citizenship as any opposing party. *Safeco Ins. Co. of America v. City of White House,* 36 F.3d 540, 545 (6th Cir. 1994).

Here, Beeler insists that complete diversity does exist in this case, pointing to her dispute, as a citizen of Michigan, with the Deutsche Bank, a Delaware corporation. However, her argument falls flat, in that it ignores the citizenship of the three other Defendants (Real Estate Assets, LLC, RYM-Tech and Felix Daniel, Sr.), all of whom are allegedly citizens of Michigan. It is also her belief that, despite being formed under the laws of Michigan, the corporate Defendants in this litigation may be treated as having dual citizenship under 28 U.S.C. § 1332(c) which provides, in part, that "a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." Thus, it is her general contention that RYM-Tech and Real Estate Assets "do business in several states." *Memorandum at 4.* To support her position, she notes that lawsuits have been initiated against these same Defendants in other jurisdictions; namely, Illinois, Utah and Arizona. *Memorandum at 4* (citing to Exhibit 3 of the complaint). Significantly, the documents, which were referenced in Exhibit 3, are completely silent as to whether Real Estate Assets conducted business in any of these states. As an aside, it should be pointed out that at least one of the documents indicates that RYM-Tech was never authorized to transact business in Illinois. Even if the Court accepted Beeler's arguments as having validity, these facts - standing alone - are insufficient to establish that the principal places of business of these corporate Defendants was in Illinois, Utah or Arizona. She correctly notes that this issue can be resolved by identifying "the state in which the substantial part of [a corporation's] business is transacted and from which centralized general supervision of its business is exercised . . . ." *Jackson*

4

*v. Tennessee Valley Authority,* 462 F. Supp. 45, 49 (D. Tenn. 1978). As the party who contends that this Court does have subject jurisdiction, she bears the burden of establishing the principal place of business of these corporate Defendants. However, Beeler has failed to proffer any facts from which the Court could answer this question. Therefore, the Court is not persuaded that RYM-Tech or Real Estate Assets has a principal place of business outside of Michigan.

The Court, having considered the points of view that were expressed by the parties during the March 11th hearing, concludes that it does not have jurisdiction to hear and address the issues in this case. Thus, relying upon the standard in *Caudill,* the Court concludes that Beeler has not met her burden of demonstrating that the diversity of citizenship in this litigation is complete. Accordingly, Beeler's motion, in which she seeks to obtain a preliminary injunction, must be and is denied, for the reasons that have been set forth above.

IT IS SO ORDERED.

Dated:  __April 14, 2008__              _s/ Julian Abele Cook, Jr._____
        Detroit, Michigan              JULIAN ABELE COOK, JR.
                                    United States District Court Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on April 14, 2008, 2008.

                              s/ Kay Alford_____
                              Case Manager